## BURGOYNE and CO., Respondents, v. PERRY and HOLMES, Appellants.

Under the act regulating appeals, passed 20th April, 1851, an appeal lies from every order and decision of an inferior court, which *affects a substantial right.*

An appeal to a demurrer for want of proper parties, is therefore good where it is determined by the court that a substantial right is affected by the omission to join such party.

APPEAL from the Fourth Judicial District.

The complaint sets forth that the plaintiffs had recovered judgment in this court against Edward Laffier, for $2800, on the 16th March, 1852, subject to certain credits.   That Langley and others recovered judgment against the said Laffier, on the 15th September, 1851, for $4302 22, which was assigned to plaintiffs, subject to certain credits specified.   That plaintiffs issued executions on said judgments against Laffier, and took proceedings under the statute supplementary to executions, to subject the property of Laffier, in the hands of said Perry and Holmes, the defendants, to the payment of the balance due on the said judgments.   On their examination, Perry deposed that he had county bonds, received from Holmes, to the amount of $21,000; that $18,000, were from Mr. Young, and $3000, from Holmes; that

$6180, were due on these bonds, which he, Perry, had paid to Young. Holmes had paid about $5000 on account, and that there is now due to affiant from Holmes, about $5000, for which he holds these $21,000 of bonds as collateral; and gave a schedule of the bonds.

Holmes deposed that Laffier had pledged, in the hands of Dr. H. S. Gates, $20,000 of bonds or scrip of the County of San Francisco, on which he had borrowed $6000. That J. Perry, Jr., had called upon Gates, about the 27th December, 1851, and received the $20,000 of bonds, and paid $6036 for their redemption, and then hypothecated them to Young, for the same amount; and a few days since they were taken up and redeemed for affiant by J. Perry, Jr., who now holds them. Had also redeemed from Edwards, three bonds, amounting to $1500, which had been hypothecated by Laffier, for $1560, which sum affiant paid, he being endorser on the note. Affiant acted as attorney in fact for Laffier during his absence from the State, but has ceased so to act since Laffier's property had been sold out. No money has come into his hands as attorney in fact, except $100. Has in his hands a judgment belonging to Laffier, against one Potts, for $1000, and is the collector of the rents on land sold by Laffier to the County of San Francisco, for which the scrip was given. As collector, received $200 a month for five months, which he has credited to the interest of the said stock and scrip.

On the coming in of the said answers, the plaintiffs took a rule on defendants, to show cause why the said bonds and scrip should not be made subject to the executions aforesaid, and delivered to the plaintiffs, and sold in satisfaction of said judgments, &c. When the said Holmes and Perry asserted the ownership of said Holmes to the $21,000 of county bonds, and Perry claimed an interest in them as pledgee of said Holmes, and therefore the court ordered that the "plaintiffs do institute suit to recover and subject the interest of said Laffier, in said bonds and scrip in the hands of Holmes and Perry, to the payment and satisfaction of their said judgment, and executions issued thereon."

The complainant then, "in obedience to the said order," proceeds, and avers the truth to be, that Laffier being the owner of

the said bonds and scrip, pledged them to Gates; that Holmes availed himself of the relation of agent for Laffier, to redeem them, Perry paying, in order to effect the redemption thereof, to the said Gates, $6036; and to raise this sum, Holmes, through Perry, pledged the same bonds in scrip to Young. That Holmes, through Perry, redeemed them from Young, and pledged them to Perry to secure advances thereon. That Perry, in all these transactions, was cognizant of the relation of general agent and attorney in fact existing between Laffier and Holmes, and could not acquire an interest adverse to Laffier, who is the true owner, subject to the amount paid to Gates, which plaintiffs had offered to reimburse with interest from the time of the redemption, on the bonds being placed in the hands of the sheriff, subject to plaintiffs' execution, which offer was declined; and plaintiffs now offer to pay the same into court, and pray the court to pass an order forbidding any transfer, or other disposition of said bonds or scrip, pending this action, and for their delivery to the sheriff, to be sold on the plaintiffs' executions, as the property of said Laffier, and for further relief, &c.

On the 11th June, 1852, the court made an order "that the defendants, John Perry, Jr., and Isace E. Holmes, do refrain from selling, or in any way disposing of the county bonds, or scrip, mentioned and described in this complaint, until the further order of this court."

On the 6th July, 1852: "The defendants demur to the complaint; assigning for cause: 1st. That it appears on the face of the complaint, that Edward Laffier is a necessary and proper party to this action, yet that he is not made a party thereto."

(There are other reasons assigned, which were not considered by the Supreme Court.)

July 29th. The court ordered judgment for plaintiffs, on the demurrer, with leave to defendants to answer in five days.

August 9th. Defendants appealed from this order.

It will appear from the opinion of the court, that this cause was dismissed at a former hearing. But upon motion to reconsider the order, a rehearing was granted, upon which it now comes again before the court. The ground of the first decision in dismissing the case, was, that the appeal had been taken upon

an interlocutory order, and could not therefore be entertained by the court.   The rehearing was urged by appellants' counsel, upon the ground that the decision appealed from, *is an order affecting a substantial right*, and is a proper subject for an appeal, under the 347 sect. of the Practice Act.   Rehearing ordered January 4th, 1853.

*James*, *Noyes*, and *Barber*, for appellants.

*Hastings*, *Thomas*, and *Morse*, for respondents.

For appellants it was urged that Laffier was a necessary party defendant in the suit.   Prac. Act., sects. 13, 243, 238, 242; Story's Eq. Plead., sects. 136, 7, 8, 193 (2), 207, 208, § 64; 1 Danl. 200, 227.

The complaint does not show that the bonds are the property of Laffier, but that as *cestui qué trust* he has a right to elect to take them or not.   Story, Eq. Juris., § 321, 2; 2 Con. R. 238; 2 Cain's Cas. 194; 2 Paige R. 180; 5 Johns R. 43, 48.

A suit can only be sustained, under the 244th sect. of the Practice Act, where the third party holds *property* of the judgment debtor, or is indebted to him; and it is not claimed that Holmes is indebted to Laffier, nor does it appear that the bonds are yet or ever will be Laffier's property.

If plaintiffs are subrogated to the rights of Laffier, they cannot maintain this action, which is for the recovery of property, except under circumstances which would entitle Laffier to maintain it.   See Prac. Act, § 244.

To recover from Holmes, Laffier would have to prove that the property was wrongfully withheld from him.   So Laffier's creditors must prove that Holmes's detention of the property, as against Laffier, is wrongful.   For the complaint shows that Holmes holds the property as Laffier's agent; and the presumption is that he holds it lawfully, till the contrary is proved.

For respondents it was argued that Laffier was not a necessary party.   Plaintiffs had judgment against him, had issued execution, and had taken proceedings against his funds in defendants' hands, when Holmes asserted ownership, and Parry, that he held the assets as pledgee of Holmes; whereupon the court

ordered suit to test the right of property.   Prac. Act, 1851, pp. 90, 91 ; sects. 241, 3, 4.

There is under the statute no place for Laffier in this action. The plaintiffs represent his interest and do not require him.   If a party, he could not recognize the ownership in Holmes, because the demurrer admits it to be in Laffier.   If he could do this under the proceedings had in the case, he could do it as well without being made a party.

We admit the action is brought under the 244th sect. of the Practice Act of 1851.   The question of property, whether in Holmes or in Laffier, is the only one in the case.

The opinion of the court was delivered by MURRAY, Chief Justice, with whom WELLS, Justice, concurred.

This is an appeal from the judgment of the court below overruling a demurrer.   Upon the first argument of this cause, this court dismissed the case, on the ground that an appeal would not lie from an interlocutory decree or order.   This opinion was evidently made without due consideration of our statute, and the court was doubtless impelled to the conclusion to which they arrived by their knowledge of the practice in other states.   We admit without any hesitation that the statute giving an appeal from interlocutory decrees, and orders of inferior courts, is not in consonance with our opinions of correct practice.   Yet a single glance at the act regulating appeals, passed April 26th, 1851, is conclusive upon this court, and shows that the legislature evidently intended, and have so expressed, that an appeal should lie from every order and decree of the court below, which affects a substantial right.   Not only is this evident from the language of the statute itself, but the provision of the Practice Act, dividing the terms of this court, and the District Court, into general and special terms, and giving to this court jurisdiction of such appeals at special terms, is conclusive, even were the statute doubtful, which we do not conceive it to be.

It may in some cases be difficult to determine whether the order affects a substantial right (in the language of the statute) ; but when the court has determined that such right is affected, then the right of appeal clearly attaches.

We are of opinion that the demurrer was well taken in the court below, and that Laffier is a necessary party to the adjustment of the present controversy, and should have been joined as a co-defendant.

The former judgment of this court, for the reasons above stated, is overruled, and the judgment of the court below is reversed, with costs ; but giving to the respondent leave to amend his complaint, by making Laffier a party defendant to the suit.